UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| marchFIRST, INC., et al, ) | Case No. 01 B 24742 |
| ) | |
| Debtors. ) | |
| ) | Honorable John D. Schwartz |
| ) | |
| ) | |
| Andrew J. Maxwell, Trustee, ) | Adv. No. 03 A 00248 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ePlus Technology, Inc., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the court on the motion filed by plaintiff Andrew J. Maxwell, as Trustee of the estates of marchFirst, et. al. ("Trustee") for summary judgment on his complaint against defendant ePlus Technology, Inc. ("Eplus"). The complaint alleges that marchFirst, Inc. and its subsidiaries and affiliates (collectively, "Debtor") made a preferential transfer to Eplus in the amount of $34,090.71 as such transfers are defined under §547(b) of the Bankruptcy Code, 11 U.S.C. §§101, *et seq*.

The court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and Fed.R.Bank.P. 7001 *et seq*. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2),(A)(F) and (O) in which this court is empowered to enter final judgment. Venue is proper in this District pursuant to 28 U.S.C. §1409(a).

### Findings of Fact

The following facts are uncontested. On April 12, 2001 ("Petition Date"), the Debtor commenced its bankruptcy cases in the United States Bankruptcy Court for the District of Delaware ("Delaware Court") by voluntarily filing petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtor moved to convert its cases to cases under Chapter 7 of the Bankruptcy Code and on April 26, 2001, the cases were converted. By order dated July 10, 2001, the Delaware Court transferred the cases to the United States Bankruptcy Court for the Northern District of Illinois. On July 16, 2001, the Trustee was appointed to serve as successor Chapter 7 trustee.

Eplus is a Virginia corporation engaged in the sale of technology equipment. During the 90 days preceding the Petition Date, the Debtor made a transfer to Eplus in the amount of $34,090.71 ("Transfer") as follows. Debtor's check number 7599 was written on February 2, 2001 and cleared on February 22, 2001. The Transfer was made to pay three invoices, each dated October 17, 2000.

This proceeding was commenced by the filing of an adversary complaint on February 3, 2003. Eplus filed its answer on May 23, 2003. The Trustee served Eplus with a Request for Admissions, which Eplus answered and served on October 23, 2003. Eplus admitted in its answer to the Trustee's request for admission that the Transfer was neither intended to be nor was it in fact a substantially contemporaneous exchange for new value. Eplus also admitted that the Transfer was not made within the time required by the applicable payment terms agreed between the parties and was not a payment for a debt incurred by the Debtor in the ordinary course of business or financial affairs of the parties.

The Trustee also served Eplus with Interrogatories, which Eplus answered and served on November 25, 2003. Eplus has made no discovery demands on the Trustee. This motion for summary judgment was filed on February 7, 2007 and has been fully briefed.

### Conclusions of Law

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), applicable to adversary proceedings by Fed.R.Bankr.P. 7056; Celotex v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); Wade v. Lerner New York, Inc., 243 F.3d 319, 321 (7th Cir. 2001). A court must view the record in the light most favorable to non-movant, drawing all reasonable inferences in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2510 (1986); Wade v. Lerner New York, Inc., 243 F.3d at 321.

Fed.R.Civ.P. 56(e), also provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere ... denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Section 547(b) of the Bankruptcy Code, which governs avoidable preferential transfers, requires that the Trustee demonstrate five elements to avoid a transfer: (1) the transfer was to a creditor; (2) for or on account of an antecedent debt owed by the debtor prior to the transfer; (3) made while the debtor was insolvent; (4) on or within 90 days before the Petition Date, and (5) that enables the creditor to receive more than it would receive if the case had already been a case

under Chapter 7, the transfer had not been made and the creditor received what it would have received under the Bankruptcy Code. Pursuant to §547(g) of the Bankruptcy Code, the Trustee has the burden of proving the avoidability of a transfer by a preponderance of the evidence. See Field v. Lebanon Citizens National Bank (In re Knee), 254 B.R. 710, 712 (Bankr. S.D. Ohio 2000).

Insolvency

In response to the Trustee's motion, Eplus contests one element of the Trustee's *prima facie* case. It correctly states that it is entitled to rebut the presumption that the Debtor was insolvent during the 90 days preceding the Petition Date. However, Eplus admits that it does not have evidence to rebut the presumption; it argues that it should be given the opportunity to take discovery from the Debtor on the issue of insolvency. As of April 9, 2007, no motion requesting additional time for discovery has been filed.

This case has been pending for over four years. Eplus was served with discovery and had every opportunity to serve the Trustee with discovery of its own. Omnibus hearings on the preference proceedings in this case have been regularly noticed and held for four years. Opportunities for discovery requests and motions were always available to all of the parties. The court has informally resolved serveral discovery issues on the record. Although the Trustee has settled many of the hundreds of preference proceedings filed in this case, he has also been filing summary judgment motions since August 2004. The fact that Eplus chose to sit on its hands for four years and made no discovery demands on the Trustee forecloses its opportunity to do so. Eplus argues that there is no prejudice, but there is prejudice. The estate has now incurred the cost of the summary judgment motion. This motion will not be denied because Eplus has failed

-4-

to pursue its discovery rights in any manner.

Since the insolvency presumption goes unrebutted, the Trustee has fulfilled each element of this cause of action in his Statement of Uncontested Facts[1]. Eplus also argues that the Transfer was intended to be a contemporaneous exchange for new value and was made in the ordinary course of business.

Ordinary Course of Business

Eplus raises the ordinary course of business defense. 11 U.S.C. §547(c)(2).[2] The defendant bears the burden of proving this defense by a preponderance of the evidence. Cassirer v. Herskowitz (In re Schick), 234 B.R. 337 (S.D.N.Y. 1999). "In order for a creditor to prevail using the ordinary course of business exception to 547(b), the creditor must show that the debt had been incurred in the ordinary course of business of both the debtor and the creditor; that the payment too, had been made and received in the ordinary course of their businesses; that the payment was made according to ordinary business terms. Matter of Tolona Pizza Products Corp., 3 F.3d 1029, 1031 (7th Cir.1993).

In order to determine whether the payments were made and received in the ordinary course of the these parties' business, "the court must make a factual inquiry into the prior dealings between the parties." Cassirer, 234 B.R. at 348. See also Lovett v. St. Johnsbury Trucking, 931 F.2d 494, 497 (8th Cir. 1991) and In re Fulghum Construction Corp., 872 F.2d 739,

---

[1] A Statement of Uncontested Facts is submitted to support a motion for summary judgment pursuant to Local Bankruptcy Rule 7056-1. All facts set forth are deemed admitted unless controverted by the opposing party.

[2] The court notes that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 took effect after this case was filed and is therefore inapplicable.

743 (6th Cir. 1989)("the court must engage in a peculiarly factual analysis"). "[T]he cornerstone of this element of a preference defense is that the creditor need demonstrate some consistency with other business transactions between the debtor and the creditor." Lovett, 931 F.2d at 497, (citing In re Magic Circle Energy Corp., 64 B.R. 269, 273 (Bankr.W.D.Okla.1986)). "The creditor must establish a 'baseline of dealings' to enable the court to compare the payment practices during the preference period with the prior course of dealing." Cassirer, 234 B.R. at 348.

Ordinary business terms refers to a range of payment terms encompassing the practices of firms similar to that creditor. Tolona Pizza, 3 F.3d at 1033. It is therefore necessary for a creditor to present some evidence establishing the range of acceptable practices within the industry. In re Midway Airlines, 1995 WL 331053 (N.D.Ill.1995) (unpublished opinion)." Superior Toy & Mfg. Co., Inc., 183 B.R. 826, 836 (N.D. Ill. 1995). The creditor against whom recovery is sought has the burden of proving the nonavoidability of a transfer under §547(c). 11 U.S.C. §547(g).

In In re Gulf City Seafoods, Inc., 296 F.3d 363 (5th Cir. 2002), the court laid out a standard for the sufficiency of evidence on this issue. "In our view, for an industry standard to be useful as a rough benchmark, the creditor should provide evidence of credit arrangements of other debtors and creditors in a similar market, preferably both geographic and product." Id. at 369. In Tolona Pizza, the testimony of an insider of the creditor was the evidence that was found to be sufficient to show what was ordinary course of business in the relevant industry. 3 F.3d at 1033. In In re Apex Automotive Warehouse, 245 B.R. 543 (Bankr. N.D. Ill. 2000), the court opined that a creditor "must present evidence of the actual practices of its competitors." Id. at

550. In Apex, the court accepted as sufficient one affidavit of the credit manager of the creditor's competitor containing her general perceptions of industry practices and a general overview of her own company.

The creditor here has failed to prove the nonavoidability of the Transfer under §547(c)(2). Eplus' evidence consists of two affidavits, one made by Eplus' general counsel Erica Stoecker and one made by Eplus' attorney Joan Teich. Neither affidavit is sufficient to establish the range of acceptable practices within the industry. Neither affiant demonstrates that she is qualified to expound upon the standards of payment in Eplus' industry. Neither affidavit contains any actual evidence of competitors' practices.

Furthermore, the Trustee argues that this defense was waived by Eplus and the court agrees. Eplus admitted in its answer to the Trustee's request for admission that the Transfer was not made within the time required by the applicable payment terms agreed between the parties and was not a payment for a debt incurred by the Debtor in the ordinary course of business or financial affairs of the parties.

Rule 7036 of the Bankruptcy Rules of Civil Procedure, which governs requests for admission, provides that "[A]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Eplus states in its Response to Plaintiff's Statement of Undisputed Material Facts that it made admissions inadvertently and that it will promptly file a motion to amend. A motion to amend was not filed until March 28, 2007 and the admission still stands.

Eplus therefore has failed to meet its burden of proof on this issue.

Contemporaneous Exchange for New Value

Eplus also asserts that the Transfer was intended to be a contemporaneous exchange for new value provided to the debtor. 11 U.S.C. §547(c)(1).

This "rule provides that a transfer of assets from a debtor to creditor within the statutory preference period cannot be voided if (1) the parties intended that the transfer be part of a contemporaneous exchange for new value given to the debtor, and (2) the transfer was, in fact, substantially contemporaneous. The justification for this exception is that transferring collateral in exchange for an infusion of new capital does not harm existing creditors because it does not diminish the debtor's net assets." In re Pine Top Insur. Co., 969 F.2d 321, 324 (7th Cir. 1992). Furthermore, the "contemporaneous exchange for new value exception is an affirmative defense, and the transferee has the burden of establishing [the elements] by a preponderance of the evidence ..." In re Nolan, 1997 WL 33479209 (Bankr. C.D. Ill.).

The Trustee argues that this defense was waived by Eplus in its answer to the Trustee's Request for Admissions and the court agrees for the reasons set forth above.

Accordingly, the Trustee's motion for summary judgment is supported as provided in Fed.R.Bankr.P. 7056 and Eplus failed to set forth specific facts showing that there is a genuine issue for trial.

## Conclusion

For the foregoing reasons, the Trustee's motion will be granted by separate order.

ENTERED:

Date: April 12, 2007

John D. Schwartz
United States Bankruptcy Judge